UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE E. GONZALES and SHIRLEY A. GONZALES,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>    Defendants. | 2:10-cv-0768-LDG-PAL<br><br>**ORDER REMANDING CASE TO STATE COURT** |

    Plaintiffs Jose E. and Shirley A. Gonzales filed this action in the Eighth Judicial District Court of Nevada seeking damages arising from Defendants' allegedly deceptive mortgage practices. Defendants subsequently removed the case to federal court (ECF No. 1). Now pending before the court are Defendants' motion to dismiss (ECF No. 9) and Plaintiffs' motion to remand (ECF No. 18).

    "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper." *Laughlin v. Midcountry Bank*, No. 3:10-CV-0294-LRH-VPC, 2010 WL 2681899, at *1 (D. Nev. July 2, 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) and *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996)). Accordingly, "[f]ederal jurisdiction must be rejected

if there is any doubt as to the right of removal in the first instance," *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979), and "the court resolves all ambiguity in favor of remand to state court," *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 102 F.2d at 566) (internal quotation marks omitted). "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it, for 'removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment . . . .'" *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) (citing *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 44 (1998)).

Plaintiffs argue that their case does not present a federal question because Nevada law creates each of Plaintiffs' causes of action. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A suit arises under the Constitution and laws of the United States only if the original statement of the plaintiff's cause of action shows that it is based on the Constitution or federal statutes. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908).

The existence of federal question jurisdiction is ordinarily determined from the face of the complaint. *Ultramar Am. Ltd. v. Dwelle,* 900 F.2d 1412, 1414 (9th Cir. 1990). However, in addition to examining the literal language selected by the plaintiff, the court must analyze whether federal jurisdiction would exist under a properly pleaded complaint. *Easton v. Crossland Mortg. Corp.,* 114 F.3d 979, 982 (9th Cir. 1997). A plaintiff may not avoid federal jurisdiction by omitting from a complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law. *Id.* However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thomas,* 478 U.S. 804, 813 (1986). "[O]riginal federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary

element of one of the well-pleaded state claims . . . ." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Consequently, "[w]hen a claim can be supported by alternative and independent theories-one of which is a state law theory and one of which is a federal law theory-federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

  Although Plaintiffs' Complaint does not specifically reference any federal law, Defendants nevertheless argue that this case implicates federal issues under the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 *et seq.*, and the Truth In Lending Act, 15 U.S.C. § 1601 *et seq*. Defendants, however, have not demonstrated that success on Plaintiffs' causes of action necessarily involves either of these federal statutes. *See Martynov v. Countrywide Fin. Corp.*, No. 2:09-cv-03596-GEB-GGH, 2010 WL 1644570, at *2 (E.D. Cal. Apr. 21, 2010). Federal statutory violations are not necessary elements of any of Plaintiffs' claims, nor do Plaintiffs seek relief under any federal statute. *See Gardone v. Countrywide KB Loans, LLC*, No. 2:10-cv-00982-ECR-RJJ, at *2 (D. Nev. Aug. 25, 2010) (minute order) (attached as Ex. 1 to ECF No. 26). Furthermore, Plaintiffs' references to discrepancies in their federal loan documents are apparently more evidentiary than elemental, *see Rains*, 80 F.3d at 346, and, in any event, these references merely support one theory of liability under state law, *see Givens v. Paramount Mortg.*, No. 2:10-cv-03483-GEB-DAD, 2011 WL 202451, at *1-2 (E.D. Cal. Jan. 20, 2011). Other courts have similarly determined that the very allegations in Plaintiffs' Complaint do not alone establish federal question jurisdiction. *See id.* (remanding case based on nearly verbatim complaint); *Houston v. Century 21, Advantage Gold*, 2:10-cv-01097 (D. Nev. Nov. 11, 2010) (same). As noted above, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Libhart,* 592 F.2d at 1064, and "the court resolves all ambiguity in favor of

remand to state court," *Hunter*, 582 F.3d at 1042 (citing *Gaus*, 102 F.2d at 566) (internal quotation marks omitted). Therefore, based on the foregoing, and especially in light of the relative burdens on a motion to remand, Plaintiffs' Complaint does not establish federal question jurisdiction. Accordingly,

    THE COURT HEREBY ORDERS that Plaintiffs' motion to remand this case to state court pursuant to 28 U.S.C. 1447(c) (ECF No. 18) is GRANTED.

    THE COURT FURTHER ORDERS that Defendants' motion to dismiss (ECF No. 9) is DENIED as moot.

    Dated this 31 day of January, 2011.

_____
Lloyd D. George
United States District Judge

4